UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CR-00045-R

UNITED STATES OF AMERICA                                             PLAINTIFF

v.

KATHY BUCKLER and
JOSEPH KEVIN BUCKLER                                                 DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant Kathy Buckler's Motion to Compel Production of Exculpatory Evidence (DN 33). Government has responded (DN 36). This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

Buckler has been charged with two counts of preparing false tax returns in violation of 26 U.S.C. § 7206(2). Trial is set for February 22, 2011, in Louisville, Kentucky. Ahead of trial, Buckler seeks the Court to compel production of a number of items from Government. Specifically, Buckler charges that according to *Brady v. Maryland* and *Giglio v. United States*, she is entitled to the following information: (1) any written or recorded statements that contradict any contentions in Government's case; (2) all information that would tend to exculpate Buckler; (3) any promises of leniency by Government made to testifying witnesses; (4) the criminal history of the witnesses testifying at trial, including any pending criminal charges; (5) any evidence that indicates Buckler did not conspire with her co-defendant. Buckler also petitions for a hearing before this Court to determine whether Government is violating its obligations

1

under *Brady* and *Giglio*. Government objects on the grounds that (1) Buckler's request extends beyond the general parameters of *Brady* and *Giglio* and (2) it is aware of and will timely comply with its obligations to release this information.

## STANDARD & ANALYSIS

The *Brady* doctrine requires the prosecution to disclose all material exculpatory and impeachment evidence to a defendant. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). The government must turn over any exculpatory and impeaching evidence "in time for use at trial." *Id.* at 1285. If the prosecution denies any such exculpatory material exists under *Brady*, the defense does not have "a general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

The Jencks Act on the other hand requires that, following the testimony of a government witness, the defendant can request, and the court order, the government to provide certain

documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. § 3500(a), (b). However, this circuit has repeatedly held that defense counsel is not entitled to the identities of the witnesses testifying for the government prior to trial. *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984); *United States v. Dark*, 597 F.2d 1097, 1099 (6th Cir. 1979); *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970). Precedent also bars a criminal defendant from compelling the government "to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness." *Presser*, 844 F.2d at 1285.

Insofar as Buckler's requests encompass impeaching and exculpatory materials that would not identify Government witnesses before trial, Government is already under an obligation to provide these items under *Brady* and *Giglio* and has represented that it will comply with its obligation. Where Buckler petitions for materials that fall within the disclosure requirements of *Brady* but are also protected by the Jencks Act, that information need not be provided prior to trial; however, this Court encourages earlier production. Overall, while Buckler expresses genuine concerns in her motion, this Court trusts that Government will make available the materials she seeks in a timely fashion. Only clear evidence that Government is ignoring its responsibilities would compel this Court to grant the relief requested. For these reasons, Buckler's motion for this information and for a hearing on the subject are inappropriate.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Defendant's Motion to Compel Production of Exculpatory Evidence (DN 33) is DENIED. The Government however shall

comply with *Brady*, *Giglio*, and Federal Rule of Criminal Procedure 16; the Court further encourages early disclosure of all Jencks-Act materials.