UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CR-00045-R

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

KATHY BUCKLER and
JOSEPH KEVIN BUCKLER                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendants Joseph Kevin Buckler and Kathy Buckler's (collectively "Defendants" or "Bucklers") Motion to Dismiss count one of the Indictment (DN 37). The Government has responded (DN 45) and time has passed for Defendants to reply. This motion is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

Preceding this criminal action, on November 22, 2004, the Internal Revenue Service ("IRS") served three summonses on several financial institutions that maintained accounts and personal financial data for Joseph Kevin Buckler. DN 45-9 at 1-12. The IRS sought information regarding his tax returns from 1999 to 2003. *Id*. While the summonses did mention his wife, Kathy Buckler, in describing the specific items requested, her name was not mentioned in the titles of these documents. *Id*. On June 4, 2004, Joseph Buckler made a motion to quash one of the summonses, DN 45-2, which was granted on June 29 of the same year due to the inaction of the Government. DN 45-3. Subsequently the Court vacated its previous order to quash on October 14, 2004, and denied Joseph Buckler's original motion on February 9, 2005. DN 45-5

1

at 1-2. On November 18, 2004, he filed a second, lengthier motion to quash the IRS summonses. DN 45-6. The Court issued a memorandum opinion and order on March 1, 2006, denying this motion as well. DN 45-7; DN 45-8. Kathy Buckler was not a party to these proceedings.

As a result of this investigation, Joseph and Kathy Buckler were charged with two counts of preparing false tax returns in violation of 26 U.S.C. § 7206(1)-(2). Specifically, count one of the indictment charged each with aiding and abetting one another in filing a false tax return "on or about March 19, 2002." DN 1 at 1. Defendants now move to dismiss count one under Federal Rule of Criminal Procedure 12(b), pointing to 26 U.S.C. § 6531, a provision of the Internal Revenue Code requiring that criminal action be brought against an individual no later than six years from any alleged fraud perpetrated upon the Government. As the indictment was handed down on March 18, 2009, Defendants claim that count one is untimely and thereby prohibited.

## STANDARD

The federal rules of criminal procedure allow a party to file a pretrial motion to dismiss on "any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "Rule 12 directs the district court to make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury." *United States v. Craft*, 105 F.3d 1123, 1126, (6th Cir. 1997). This includes defense motions pertaining to the statute-of-limitations defenses. *See id*; *United States v. Grimmett*, 150 F.3d 958 (8th Cir. 1998); *United States v. Rouphael*, 495 F. Supp. 2d 787, 790 (S.D. Ohio 2005). "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v.*

*Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). The Government bears the burden of proof on a motion to dismiss under Rule 12 in showing that an implicated statute of limitations has been tolled. *United States v. Greever*, 134 F.3d 777, 779-80 (6th Cir. 1998); *United States v. Gonsalves*, 675 F.2d 1050, 1054 (9th Cir. 1982); *United States v. Daniels*, No. C 09-00862, 2010 WL 2680649, at *3 (N.D. Cal. July 6, 2010); *United States v. Garcia-Moreno*, 626 F. Supp. 2d 826, 835-36 (W.D. Tenn. 2009).

## ANALYSIS

As an initial matter, the proverbial clock for the Government began to tick on the allegedly fraudulent tax return on April 15, 2002, and not the date Defendants filed their return, March 19, 2002. Criminal action pursued under section 7206(1) of the tax code must be pursued within six years. 26 U.S.C. § 6531(5). However, section 6513 of the tax code has always served to simplify this statute of limitations issue for those individuals who file their tax returns before the typical filing date. Specifically, the pertinent language provides that "any return filed before the last day prescribed for filing thereof shall be considered as filed on such last day." 26 U.S.C. § 6513(a). The Supreme Court has found that the "net effect of the language is to prolong the limitations period when . . . a return is filed or tax paid in advance of the statutory deadline." *United State v. Habig*, 390 U.S. 222, 225 (1968). Thus, in pinpointing the beginning date for this criminal action's accrual, the Court must begin on April 15, 2002.

Next, the six-year limitations period may be tolled under certain circumstances where third-party summonses from the IRS requesting testimony or documents, are resisted by the "persons with respect to whose liability the summons is issued." Section 7609(e) sets forth that:

> If any person [moves to quash an IRS summons under section 7609(b)] and such person is the person with respect to whose liability the summons is issued (or is the

3

agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations . . . under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

26 U.S.C. § 7609(e)(1). Thus, the time in which an individual spent resisting and attempting to quash an IRS summons would toll the statute of limitations, and effectively lengthen section 6531's six-year period.

Relying upon the above description of the earlier summons process, the Court finds that the enforcement proceeding was pending for 635 days.[1] *See e.g.*, *United States v. Meyer*, 808 F.2d 1304, 1305-06 (8th Cir. 1987) ("[S]ection 7609(e) will operate to suspend the limitations period while an IRS enforcement proceeding is pending in district court."). With this extra time, and as the statute of limitations for count one of the incident did not accrue until April 15, 2002, Government could have indicted Joseph Buckler as late as the autumn of 2010, well past the actual date of the indictment.[2]

What remains unclear is whether the statute of limitations for count one should also be tolled for Defendant Kathy Buckler since her name never appeared on the resisted summonses or

---

[1] The Government offers, and the Court agrees, that the enforcement action was pending 635 days, initiating their calculation on June 4, 2004, and counting until March 1, 2006, when judgment was ultimately rendered on the second motion to quash, and the matter as a whole. There is an argument that the Court should exclude the time from when Joseph Buckler's motion was prematurely granted, to the date when the Court's prior order was vacated, as it was not pending during that period. Even accepting, this however, it would reduce the days this action was pending to 528, which would still include the date of the indictment, March 18, 2009.

[2] Here, the Court first carried forward the normal six-year period to April 15, 2008, and then proceeded 635 days past that date, to reach September 27, 2010. From that date, an additional sixty days is added, representing the period where Joseph Buckler could have appealed the Court's decision. Thus, the Government had until October 27, 2010, to secure a timely indictment. *See* 26 U.S.C. § 7609(e)(1)-(2); 26 C.F.R. § 301.7609-5(e)(1)-(2).

the motions to quash.[3] In its response, the Government writes that Section 7609 sets out that the limitations period is tolled for the "person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(e)(1). It then argues that since married couples filing jointly are equally liable for their tax return, *see* 26 U.S.C. § 6013(d)(3), the summonses were issued with respect to both Defendants' liability. DN 45 at 3-4.

The Government is incorrect however that Kathy Buckler is a "person with respect to whose liability the summons is issued." The Internal Revenue Manual ("Manual") sets forth that when a summons is issued, "[t]he first line of a summons . . . is the statement of liability which is designed to identify the taxpayer being examined or investigated." Internal Revenue Manual § 25.5.2.2, http://www.irs.gov/irm/part25/irm_25-005-002.html. This passage continues, describing that where the liability of the summons is targeted at a "Husband and Wife who signed a joint return[,]" then "[i]n the statement of liability, both the husband's and wife's names *must* appear." *Id*. (emphasis added). The summonses attached to these motions contained only Joseph Buckler's name on the line that describes the summonses' liability. DN 45-9 at 1-12. Thus, section 7609 does not toll the statute of limitations for Kathy Buckler, since the summonses her husband moved to quash did not implicate her liability.

Ignoring this decision momentarily, potential liability under the summonses is only half of the equation in determining whether the statute of limitations has been tolled. Section 7609(e)(1) reserves its impact to situations where a single "person" institutes an action to quash

---

[3] Although not specifically addressed by Defendants in this motion, the Government does confront this argument in its response. DN 45 at 3. For this reason the Court writes on the issue.

a summons.⁴  26 U.S.C. § 7609(b), (e)(1).  The Court is thus tasked with determining the following issue: even though Kathy Buckler did not move to quash the summons, do the tolling provisions of section 7609(e)(1) implicitly apply to the charges levied against her as well because she filed jointly with her husband Joseph Buckler.  After close scrutiny, the Court concludes they do not.

In reaching this decision, the Court initially looks at the definition of "person" under the tax code.  It states that "where not otherwise distinctly expressed or manifestly incompatible with the intent [of the statute]", "the term 'person' shall be construed to mean and include an individual."  26 U.S.C. § 7701(a)(1).  According to the Sixth Circuit, "the term 'person' as used in the tax code has been consistently, and plainly, defined as any individual." *United States v. Maggi*, No. 98-5570, 1999 WL 96651, at *2 (6th Cir. Feb 5, 1999) (citing 26 U.S.C. § 7701(a)(1)).  Section 7609(e)(1) exclusively uses the word "person" in referencing both the power to move to quash a summons, and its impact upon the normal statute of limitations.  Nor is the language in section 7609(b) any less clear; it employs the word "person" in the same method, without a modifier.  As such, the Court is constrained to the normal construction of the word contained within section 7701(a)(1), an "individual."  The Court cannot reconcile the statute's use of the singular "person" with the Government's argument that both Joseph *and* Kathy Buckler should be construed as moving to quash the summonses by simple virtue of their union.  At least two courts have endorsed this conclusion, albeit implicitly in their dicta. *See Conklin v. Comm'r*, 54 T.C.M. (CCH) 657 (1987) ("The statute of limitations was kept open as

---

⁴ The following provisions of section 7609(e)(1) are also triggered where a target of an IRS summons intervenes in the matter.  26 U.S.C. § 7609(b), (e)(1).  Such action was not taken in this proceeding, and therefore is not discussed.

to petitioner pursuant to section 7609(e) because petitioner brought suit to quash summonses issued by respondent. Petitioner's wife was not a party to the suit to quash summonses, and section 7609(e) did not further toll the statute of limitations as to her.") overruled on other grounds by *Conklin v. Comm'r*, 897 F2d 1027 (10th Cir. 1990); *United States v. People's State Bank*, No. F 81-93, 1981 WL 1821, at *1 (N.D. Ind. June 5, 1981) (where IRS served third-party summonses on financial institutions and husband sought to intervene under section 7609, wife had not implicitly joined the action even though the two had filed taxes jointly).

Clear and implicit guidance that Kathy Buckler should not be constructively joined to her husband's motion to quash is also provided by the Manual. In describing the third-party summonses process under section 7609, the IRS has set out the following provision:

> A petition to quash brought by the taxpayer suspends the period of limitations . . . . [Section] 7609(e)(1) only tolls the statute of limitations for a taxpayer who petitions to quash the summons. If only one of the potentially responsible persons (regarding whose liabilities the [IRS] issued separate summonses) files a petition to quash the summons, only that petitioner's assessment statute is suspended. The statute is suspended for the period in which the proceeding and any appeals are pending.

Internal Revenue Manual § 5.17.6.6.3, http://www.irs.gov/irm/part5/irm_05-017-006.html. This section states unequivocally that where one party acts by himself to impede the summons' process, the limitations period is tolled for that individual alone. With the above-stated decision that Kathy Buckler's liability was not impacted by the issued summonses, and considering that she did not petition for action under section 7609(b), the original limitations period as applied to her was not extended.

The Manual's provisions describing the notice requirements for issuing third-party summonses on married couples further support this interpretation. It states that in investigating a married couple who has filed jointly, if a summons is issued as to either the husband or the wife,

then the other spouse is entitled to notice of that summons. *Id*. § 25.5.6.3.1.2. The Manual continues that even if both are served with summonses, "each spouse is entitled to notice of the other's summons" so as to preserve "each spouse's opportunity to move to quash the summons served on his or her spouse." *Id*. This language from the Manual convinces the Court that rather than treat a summons propounded upon a particular spouse as including both individuals in the marriage, the IRS thinks of summonses as documents targeted at a specific spouse rather than the overall marital unit, unless clearly labeled as such. *See id*. § 25.5.2.2. Relying upon the above language, the Government's argument can be summarized as follows: even though Joseph and Kathy Buckler have the opportunity to individually quash a summons issued upon one another by the IRS, where one chooses to take this step absent the other named as a party, the Court should nevertheless construe the motion as including both Bucklers. This interpretation turns on its head both the illuminated passages of the Manual as well as the definition of "person" within the tax code; therefore, it is one by which the Court cannot abide.

Finally, Government insists that the statute of limitations as to Kathy Buckler should be tolled because Joseph Buckler was "acting as her agent and under her direction and control [] as is required under [section 7609(e)(1)]." DN 45 at 4. Under this provision, the normal statute of limitations may be tolled not only for the person filing the motion to quash, but also for their "agent, nominee, or other person acting under the direction or control of such person." 26 U.S.C. § 7609(e)(1). Clearly, Kathy Buckler is neither the agent nor nominee of her husband.[5]

---

[5] The Government fails to offer a convincing argument that she fits within one of these two categories other than its cursory allegations. As such, the Court is not persuaded by this contention.

As such, the relevant inquiry becomes whether Joseph Buckler was acting under her control or direction.

According to IRS regulations, under section 7609(e)(1) "a person is the . . . other person of a person entitled to notice under section 7609(a) and § 301.7609-2, and is acting under the direction or control of the person entitled to notice for purposes of section 7609(e)(1), if the person entitled to notice has the ability in fact or at law to cause the . . . other person, to take the actions permitted under section 7609(b)." 26 C.F.R. § 301.7609-5(e)(1). Consequently, Kathy Buckler would only fit into this "other-person" definition if she was able to cause Joseph Buckler to either quash a or intervene in a IRS summons filed against her. 26 U.S.C. § 7609(b). Given the previous discussion about the Bucklers' individual rights to bring motions to quash under section 7609(b), it is difficult to imagine that the Bucklers could also force one another to bring these motions as well. Nor does the Government provide any relevant case law dictating that married couples are under the control of one another for the purposes of filing motions to quash. As such, its argument to the contrary is without merit.

The Court finds the statute of limitations for Count One as applied to Defendant Joseph Buckler has been tolled; however, the Government has not met its burden of establishing the same for Defendant Kathy Buckler.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Defendant's Motion to Dismiss (DN 37) is GRANTED IN PART AND DENIED IN PART. Count one of the indictment as stated against Defendant Kathy Buckler is barred by the statute of limitations and therefore DISMISSED.